**The relief described hereinbelow is SO ORDERED.**

**Signed October 15, 2025.**

_____
**CHRISTOPHER G. BRADLEY
UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| WC PARADISE COVE | § | Case No. 25-11563-cgb |
| MARINA, LP | § | Chapter 11 |
| Debtor. | § | |

### ORDER DENYING MOTION TO WITHDRAW COUNSEL

On October 7, 2025, Hayward PLLC through attorney Ron Satija ("Mr. Satija") filed this chapter 11 case on behalf of WC Paradise Cove Marina, LP (the "Debtor") without schedules or statements. A week later, Mr. Satija filed a *Motion to Withdraw Counsel* [ECF No. 10] (the "Motion"), which asked the Court to allow Hayward PLLC's withdrawal as counsel due to its status as a creditor of the Debtor and because it only filed the petition for the Debtor as a "courtesy."

The Court finds that the Motion should be DENIED because it is plainly inadequate to support the remarkable relief requested. Mr. Satija is expected to represent the Debtor until new counsel appears or until the Debtor has had a reasonable opportunity to procure alternative counsel, and in the meantime, this case will continue. Filing a Chapter 11 bankruptcy petition as a "courtesy" without the intent to actually represent the debtor in the case is likely sanctionable on its own, and doing so while also being a creditor is nearly certainly so.

1

Further, the alleged conflict in this case is unusual in that it emerges from Mr. Satija's own claim—and not for instance his representation of an adverse third-party—and thus it is easily within his power to waive that claim if he finds that undertaking this representation, which he did by filing the petition, is in conflict with his professional duties. (Among its many other inadequacies, the Motion fails to state the amount of the claim.)

Mr. Satija may refile a motion seeking to withdraw if he wishes, but if he does, the Court expects a much more substantial discussion of his actions, how his filing of this petition under the conditions he describes was conceivably up to the standards required, and the prejudice on third parties including the secured creditor in this case if he is permitted to withdraw precipitously after filing and before the Debtor has performed even the rudimentary tasks of filings its schedules and associated documents and participating in a 341 meeting.

ACCORDINGLY, IT IS ORDERED that the Motion to Withdraw Counsel [ECF No. 10] is DENIED.

###