# EXHIBIT 22

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | § | |
|---|---|---|
| In re: | § | Case No. 25-11563 |
| | § | |
| WC PARADISE COVE MARINA, LP | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |

## AC VIP PC MARINA DEBT, LLC'S FIRST
## REQUEST FOR PRODUCTION OF DOCUMENTS

**To: WC Paradise Cove Marina, LP, c/o Ron Satija, Hayward PLLC, 7600 Burnet Road, Suite 530, Austin, TX 78757, rsatija@haywardfirm.com.**

AC VIP PC Marina Debt, LLC ("AC VIP" or "Noteholder"), a secured creditor of WC Paradise Cove Marina, LP (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case") and a party in interest in this chapter 11 proceeding, serves this Request for Production of Documents pursuant to Rule 34, of the Federal Rules of Civil Procedure, and made applicable in this contested matter by Federal Rules of Bankruptcy Procedure 7034 and 9014, on Debtor, via counsel.

The Debtor is instructed to produce the requested documents by no later **than October 27, 2025, at 5:00 p.m. (prevailing Central Time)** to Porter Hedges LLP, Attn: Eric M. English and Michael B. Dearman, 1000 Main St., 36th Floor, Houston, Texas 77002 (eenglish@porterhedges.com and mdearman@porterhedges.com) (or at such other date and time agreed to by the parties). The Debtor shall produce the requested documents in accordance with the Definitions and Instructions included herein.

**Dated: October 16, 2025.**

                Respectfully submitted,

                **Porter Hedges LLP**

By:   */s/ Eric M. English*
       Eric M. English
       State Bar No. 24062714
       1000 Main Street, 36th Floor
       Houston, Texas 77002
       Telephone: (713) 226-6000
       Fax: (713) 226-6248
       eenglish@porterhedges.com

       **Counsel for AC VIP PC Marina Debt, LLC**

## CERTIFICATE OF SERVICE

I certify that on October 16, 2025, I caused a copy of the foregoing document to be served by email on counsel for the Debtor and by United States first-class mail to:

*Counsel to the Debtor*

**HAYWARD PLLC**
Ron Satija
7600 Burnet Road, Suite 530
Austin, TX 78757
Tel: (737) 881-7102 Fax: (972) 755-7100
Email: rsatija@haywardfirm.com

       */s/ Eric M. English*
       Eric M. English

2

17911690

**EXHIBIT A**

**DEFINITIONS**

The following definitions of terms apply to all of the Discovery Requests and Instructions. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "AC VIP" means AC VIP PC Marina Debt, LLC.

2. "And," "or," and "and/or" as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information that might be deemed outside their scope by any other construction.

3. "Any," "each," or "all" should be understood to include and encompass one or more, or all.

4. "Chapter 11 Case" means the chapter 11 case of WC Paradise Cove Marina, LP pending before the United States Bankruptcy Court, Western District of Texas, under Case No. 25-11563.

5. "Communication" means both the documentary and any non-documentary transmission of facts, data, or any other information, and all attachments and enclosures thereto, whether transmitted verbally, visually, in writing, electronically, or by any other means or media from one person to another person; the non-documentary transmission of information shall include but not be limited to oral statements, telephone conversations, recorded voicemail messages, negotiations, conferences or meetings, however formal or informal. The term also includes information relating to oral communications and written communications, whether or not any such information or writings were themselves transmitted by their author or any other persons.

6. "Concerning" means referring to, relating to, constituting, in connection with, alluding to, supporting, refuting, reflecting, touching upon, involving, pertaining to, explaining,

3

17911690

containing, recording, summarizing, showing, disclosing, setting forth, discussing, describing, evaluating, analyzing, or evidencing.

7. "Debtor" means WC Paradise Cove Marina, LP, the debtor and debtor-in-possession identified in the Chapter 11 Case. The term "Debtor" shall also include, without limitation, Natin Paul and Sheena Paul, as well as the Debtor's agents, principals, partners, professionals, managers, attorneys, advisors, consultants, and any other person or entity affiliated with or controlled by the Debtor.

8. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations. This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

9. "Global Private Investors" means Global Private Investors, Inc., and includes its officers, directors, employees, agents, representatives, and anyone acting on its behalf, including but not limited to, its Chief Executive Officer, Alessandro Ciaccio.

10. "Including" and "include" mean "including but not limited to."

11. "Motion" means *AC VIP PC Marina Debt, LLC's Expedited Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [Chapter 11 Case, Docket No. 8].

12. "Note" means the promissory note executed by the Debtor in favor of the Northwest Federal Credit Union, in the original principal amount of Three Million Two Hundred Thousand

and No/100 Dollars ($3,200,000.00), with interest thereon as set forth therein, and all renewals, extensions, and modifications thereof, dated April 23, 2015 (and assigned ultimately to AC VIP).

13. "Paradise Cove" means WC Paradise Cove Marina, LP.

14. "Person" means natural persons, firms, associations, agencies, and/or other organizations and entities cognizable by law, including private corporations, public corporations, partnerships, unincorporated associations, offices, governments, governmental or political entities.

15. "Petition Date" means October 7, 2025, the date the Debtor filed its petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Western District of Texas.

16. "Prior Bankruptcy Case" means *In re WC Paradise Cove Marina, LP*, Case No. 23-10731 (CGB) (Bankr. W.D. Tex.).

17. "Property" means the Debtor's real property, improvements, and personal property that secure the Note made by the Debtor, for which AC VIP is the holder and beneficiary.

18. "Regarding," "related to," "relate to," "relating to," "referred to," "refer to," and "referring to" mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

19. "Relevant Period" means April 1, 2024 through the present unless otherwise indicated.

20. "You" and "Your" shall mean the Debtor.

## **EXHIBIT B**

## **INSTRUCTIONS FOR THE PRODUCTION OF DOCUMENTS**

1. The preceding Definitions apply to these Instructions and each of the Document Requests.

2. Unless otherwise noted, the dates applicable to the Document Requests set forth herein are for the Relevant Period, and each request covers any and all documents created, dated, sent, received or in effect at any time during the Relevant Period.

3. The use of the singular form of any word includes the plural and vice versa.

4. The use of the past tense of any verb includes the present tense and vice versa.

5. The connectives "and" and "or" shall be construed conjunctively or disjunctively as necessary to make each request for production inclusive rather than exclusive; to bring within the scope of the request all Documents and Communications and responses that otherwise might be construed to be outside the scope of the request.

6. All Documents and Communications described that are in your possession, custody, or control shall be produced as directed herein. Any Document or Communication requested herein that is not in your immediate physical possession, but which you have a right to obtain from a third person or otherwise subject to your control, shall be obtained and produced as directed.

7. If any Documents have been withheld from production on the basis of a claim of privilege or exemption from discovery, please furnish the following information for each such Documents:

   a. The place, date(s) (or appointment date) the Document was generated or prepared;

   b. The name, address, title and telephone number of the author(s) of the Document;

   c. The description or summary of the content of the Document (e.g., letter, deed, memorandum, etc.)

   d. The name, address, title and telephone number of any indicated recipient(s) of the Document;

   e. The name, address, title and telephone number of every person to whom the Document of the contents thereof has ever been disclosed, communicated, exhibited, read or summarized and the date(s) and circumstances of each such disclosure.

   f. The subject matter of the Document;

   g. A statement of the basis for claiming privilege or exemption from discovery.

6

17911690

      8.      Where Documents or Communications in the possession of a legal entity are requested, such request includes the entity's employees, advisors, attorneys, representatives, agents, members, partners, officers, directors, independent contractors, successors and assigns, and all other persons acting for or on behalf of any one or more of them.

      9.      The selection of Documents and Communications from files and other sources shall be performed in such a manner as to insure that the file or the source from which a Document or Communication is obtained may be identified.

      10.      Documents or Communications attached to other Documents, Communications, or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

      11.      Please produce responsive Documents as they have been kept in the usual course of business.

      12.      If there are no Documents responsive to any particular request, please state so in writing.

      13.      Where only a portion of a Document relates or refers to the subject of a request, the entire Document is to be produced nevertheless, inclusive of any and all attachments, appendices, and exhibits.

      14.      If a responsive Document was, but no longer is, within Your possession, custody or control, please state in detail: (i) the type of Document and the author(s), sender(s), recipient(s) and copyee(s) of the Document; (ii) a summary of the contents of the Document; (iii) what disposition was made of such Document; (iv) the date of such disposition; (v) whether the original or a copy thereof is within the possession, custody or control of any other person; and (vi) if the answer to (v) is affirmative, the identity of such person.

      15.      The requests herein are to be deemed continuing so as to require further and supplemental productions if You discover, receive, or generate additional responsive Documents between the time of Your original production and the time of the final hearing held in this action.

      16.      All Documents produced in response to this request shall be produced *en toto* notwithstanding the fact that portions thereof may contain information not requested, and shall include interim and drafts as well as final editions of the document, and shall include all additions or copies of a Document which are not identical to (whether due to handwritten notation, or revisions, or otherwise) the original produced copy of the Document.

      17.      Any Documents produced pursuant to this request shall be produced on a category-by-category basis as requested herein.

      18.      All electronic Documents or Communications shall be produced in their native electronic form. This request specifically seeks the production of electronic Documents or Communications with corresponding metadata.

8

19. Whenever in this itemized list of documents to be produced there is a reference to a named corporation, partnership, or association, the reference includes: (1) the corporation, partnership, or association; (2) its subsidiaries, groups, divisions, affiliates, and other organization units, and their predecessors and successors; and (3) each officer, director, representative, employee, partner, and agent of each of the foregoing, whether or not acting within the scope of his or her employment, representation or agency.

20. The requests herein are to be deemed continuing so as to require further and supplemental productions if You discover, receive, or generate additional responsive Documents between the time of Your original production and the time of the final hearing held in this action.

17911690

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Documents and Communications during the Relevant Period related to any potential refinancing of the indebtedness evidenced by the Note, including without limitation any term sheets and draft loan documents with any party.

2. All Documents and Communications during the Relevant Period with or related to Global Private Investors or Alessandro Ciaccio, including without limitation any engagement letters or other agreements or information provided by the Debtor to Global Private Investors or Global Private Investors to the Debtor.

3. All Documents and Communications during the Relevant Period related to any potential sale of the Property, including without limitation any offers received, term sheets, or draft agreements.

4. All Documents and Communications during the Relevant Period related to the maintenance, repair, or inspection of the marina or improvements on the Property.

17911690